**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division**

|  |  |  |
|---|---|---|
| **DIANA C. VALLE** | * | |
| Appellant, | * | Case No.: GJH-20-707 |
| v. | * | Bankruptcy No.: 19-15518, |
| **MICHAEL G. WOLFF,** | * | Bankruptcy No.: 19-00202 |
| Appellee. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Appellant Diana C. Valle, who represents the Debtor in the underlying bankruptcy case, appeals the February 24, 2020 Order of the Bankruptcy Court granting sanctions against Appellant and the March 16, 2020 Order of the Bankruptcy Court denying Appellant's motion to reconsider the award of sanctions. ECF No. 1.[1] A hearing is not necessary to resolve the present appeal. *See* Fed. R. Bankr. P. 8013(c); *see also* Loc. R. 105.6 (D. Md. 2018). For the following reasons, the Court affirms the Bankruptcy Court's orders.

**I.   BACKGROUND[2]**

Appellant Diana C. Valle represents the Debtor, Aletha K. Barsir, in an adversary bankruptcy proceeding against Appellee Michael G. Wolff, the Chapter 7 Trustee for the Debtor's Bankruptcy estate. *See Wolff v. Barsir*, Adversary No. 19-0202-LSS. On November 18,

---

[1] In addition to the appeal, Appellant's Motion to File Appellant's Brief and Appendix Out of Time, ECF No. 9, is pending before the Court. Pursuant to Bankruptcy Rule 8018, the Appellant's brief was due within 30 days of the date the appeal was docketed. Fed. R. Bankr. P. 8018(a). Accordingly, Appellant's brief was due June 1, 2020. *See* ECF No. 4; ECF No. 9. Appellant filed the brief on June 2, 2020. ECF No. 8. Because the brief was filed one day late, and Appellant's Motion is unopposed, it is granted.
[2] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

1

2019, Appellee served interrogatories and requests for production against the Debtor. ECF No. 8-1 at 11, 27–47. Pursuant to the Scheduling Order entered in the case, discovery was scheduled to be completed by December 27, 2019. *Id.* at 17, 90. On December 26, 2019, Appellee, through counsel, sent a letter (the "Letter") to Appellant advising that her client's responses to the written discovery were overdue and voluntarily extending the deadline to January 6, 2020.[3] *Id.* at 47–48. The cover email stated, "[p]lease see the attached letter regarding [t]he over-due discovery responses in the adversary proceeding." *Id.* at 50, 67. Appellant responded regarding an issue with the deadline for expert reports, which had been the subject of ongoing discussions between the parties. *Id.* at 50, 67. Appellee replied, stating, "I note that you have sent this e-mail in response to my letter about overdue discovery. You do not say anything in your e-mail about that so I will only address your question regarding the expert." *Id.* at 49, 65. Appellee also sent the Letter via first-class mail to Appellant, but, according to Appellant, she did not receive notice of it before January 7, 2020 because her mailing service failed to notify her. *Id.* at 81–82, 149.

On January 7, 2020, having not received the discovery responses or any response to the Letter, Appellee filed a Motion for Sanctions seeking an order compelling responses to the Written Discovery and awarding monetary sanctions as a result of the Debtor's failure. ECF No. 8-1 at 15–26. Appellant states in her appeal that she contacted Appellee to assure him that discovery would be provided. ECF No. 8 at 8; *see also* ECF No. 8-1 at 144. On January 10, 2020, (via e-mail) and January 11, 2020 (via first-class mail), Appellant served upon Appellee Defendant's Answers to Plaintiff's First Set of Interrogatories, Defendant's Responses to

---

[3] There is some dispute in the record concerning the due date of the responses. While the letter states that they were due December 20, 2019, ECF No. 8-1 at 47, Appellant asserts the deadline fell on December 21, 2019, a Saturday, and thus the responses were due on the next business day, December 23, 2019, *id.* at 61. However, the parties agree that the responses were due several days prior to Appellee's letter being sent on December 26, 2019, and they were not timely filed.

Plaintiff's Requests for Production of Documents, and documents Bates-stamped 000001 to 000043. *Id.* at 58.

On February 18, 2020, the Bankruptcy Court held a hearing regarding Appellee's motion. *Id.* at 138–70. At the hearing, Appellant stated that she had not read the Letter until after the Motion for Sanctions was filed because she did not open the attachment to Appellee's email, *id.* at 148–50;[4] that she was busy due to the holidays, and it was a "chaotic" and "hectic" time, *id.* at 150–51; that she was surprised that Appellee had filed a motion for sanctions after sending her only one letter, *id.* at 150–51;[5] and that "frankly, it was just my disorganization and neglect and focusing tunnel vision on the one issue that I was focusing on," the dispute over the expert reports, *id.* at 152. Appellant concluded that there was no bad faith or intent not to comply with the discovery requests and emphasized that the Debtor "had nothing to do with it"—instead, Appellant said, she was at fault. *Id.*

The Bankruptcy Court agreed, finding:

> [W]e have a situation here where I don't think this is on the debtor. I think this is on debtor's counsel. You have the most significant piece of litigation in any bankruptcy context that you can have, which is the reason the debtor's here, which is a discharge action. And the debtor relies on counsel to maintain and properly prosecute or defend any action in which the debtor is involved.

*Id.* at 159. The Bankruptcy Court recognized that sanctions under Rule 37(d)(3) may be awarded if the party fails to provide discovery responses "unless the failure was substantially justified" and went on to determine that "[i]n this case, the failure is not substantially justified. Being too busy to read emails that come on behalf of your client at such a critical juncture is not a justifiable excuse." *Id.* at 160. The Bankruptcy Court thus granted Appellee's motion and

---

[4] Appellant stated at the hearing, "I check my email on my phone. Sometimes the attachments don't show up on the phone." *Id.* at 148.
[5] Appellant stated, "I'm not used to just one letter being sent out and then there's a motion for sanctions filed." *Id.* at 150.

3

awarded $2,232.50 in attorneys' fees against Appellant herself and not her client. *Id.* at 160–61. Appellant was permitted to speak after the ruling and emphasized that she was representing the Debtor "basically for free" due to her strong belief in access to justice *Id.* at 161.

The Bankruptcy Court issued an Order awarding monetary sanctions on February 24, 2020. *Id.* at 86–88. The Order noted that, in the course of the hearing and because the responses had eventually been provided, Appellee had withdrawn his request for sanctions under Fed. R. Civ. P. 37(b)(2)(A)(i)–(vi), as incorporated by Bankruptcy Rule 7037, but continued to seek relief under Fed. R. Civ. P. 37(d)(3). *Id.* at 87. The Bankruptcy Court found that Appellant "failed to respond to the Written Discovery in a timely manner and that the failure was not substantially justified" and "that no other circumstances exist that would make an award of monetary sanctions unjust." *Id.*

On February 28, 2020, Appellant filed a Motion for Reconsideration of the order granting sanctions against her. *Id.* at 89–93. Appellant argued that she is "representing [the Debtor] on what is tantamount to a pro bono representation collecting only $100 per month" and that she does not have sufficient funds to pay the awarded sanctions. *Id.* 90, 92. On March 16, 2020, the Bankruptcy Court entered an order denying Appellant's Motion to Reconsider, finding Appellant "cites no new facts or law, but merely seeks to relitigate the Sanctions Motion." *Id.* at 128–130.

On March 17, 2020, Appellant filed a Notice of Appeal asking this Court to reverse the Bankruptcy Court's orders granting sanctions and denying the motion to reconsider. ECF No. 1. Appellant filed her brief on June 2, 2020, ECF No. 8, and Appellee filed his brief on July 2, 2020, ECF No. 10. Appellant did not file a reply brief.

## II.     STANDARD OF REVIEW

The Court hears this bankruptcy appeal under 28 U.S.C. § 158(a). Parties of bankruptcy cases can appeal orders that dispose of discrete disputes within the larger case. *See Mort Ranta v. Gorman*, 721 F.3d 241, 246 (4th Cir. 2013). Bankruptcy appeals "shall be taken in the same manner as appeals in civil proceedings generally are taken to court of appeals from the district courts." 28 U.S.C. § 158(c)(2). On appeal from the Bankruptcy Court, this Court reviews the Bankruptcy Court's findings of fact for clear error and conclusions of law de novo. *See In re Merry-Go-Round Enters., Inc.*, 400 F.3d 219, 224 (4th Cir. 2005); *In re Kielisch*, 258 F.3d 315, 319 (4th Cir. 2001). "[T]he decision of a bankruptcy court 'must be affirmed if the result is correct' even if the lower court relied upon 'a wrong ground or gave a wrong reason.'" *Okoro v. Wells Fargo Bank, N.A.*, 567 B.R. 267, 271 (D. Md. 2017) (quoting *SEC v. Chenery Corp.*, 318 U.S. 80, 88 (1943)). Thus, this Court may "affirm the bankruptcy court on any ground supported by the record." *LeCann v. Cobham* (*In re Cobham*), 551 B.R. 181, 189 (E.D.N.C.), *aff'd*, 669 Fed. Appx. 171 (4th Cir. 2016), *reh'g denied* (Nov. 29, 2016).

Relevant to this appeal, Bankruptcy Rule 7037 incorporates Rule 37 of the Federal Rules of Civil Procedure, which provides, in pertinent part, that if a motion to compel is granted or discovery is provided after the motion's filing, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). "But the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses

unjust." *Id.* Rule 37 further provides that if a party fails to serve answers to discovery requests, "[s]anctions may include any of the orders listed in Rule 37(b)(2)(A)(i)—(vi). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

To the extent the Bankruptcy Court imposes discretionary sanctions under Rule 37, the sanctions will be set aside only if the Bankruptcy Court is found to have abused its discretion or failed to clearly state its reasons for imposing a particular sanction. *LeCompte v. Manekin Constr., LLC*, 573 B.R. 187, 192 (D. Md.), *aff'd*, 706 F. App'x 811 (4th Cir. 2017) (citing *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 642 (1976); *Wilson v. Volkswagen of Am., Inc.*, 561 F.2d 494, 505 (4th Cir. 1977)). "A court abuses its discretion when its conclusion is 'guided by erroneous legal principles' or 'rests upon a clearly erroneous factual finding.'" *Blue Cross Blue Shield of North Carolina v. Jemsek Clinic*, P.A. (*In re: Jemsek Clinic, P.A.*), 850 F.3d 150, 156 (4th Cir. 2017) (quoting *Westberry v. Gislaved Gummi AB*, 178 F.3d 257, 261 (4th Cir. 1999)).

## III.   DISCUSSION

### A. Order Granting Sanctions

The Fourth Circuit has "developed a four-part test for a district court to use when determining what sanctions to impose under Federal Rule of Civil Procedure 37." *Belk v. Charlotte-Mecklenburg Bd. of Educ.*, 269 F.3d 305, 348 (4th Cir. 2001). Specifically, "[t]he court must determine (1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular

sort of non-compliance, and (4) whether less drastic sanctions would have been effective." *Id.* (quoting *Anderson v. Foundation for Advancement, Educ. & Employment of Am. Indians*, 155 F.3d 500, 504 (4th Cir. 1998)). "The presence or absence of any one of these factors is not dispositive." *Class Produce Grp., LLC v. Harleysville Worcester Ins. Co.*, No. CV SAG-16-3431, 2018 WL 5892791, at *3 (D. Md. Nov. 9, 2018) (citing *Victor Stanley, Inc. v. Creative Pipe, Inc.*, 269 F.R.D. 497, 533 (D. Md. 2010)).

However, courts in this District have determined that certain sanctions are mandatory—namely, an award of reasonable attorney's fees where a party provides discovery responses after a motion to compel is filed, Fed. R. Civ. P. 37 (a)(5)(A), or where a party fails to provide timely interrogatory responses, Fed. R. Civ. P. 37(d)(3). *See Lynn v. Monarch Recovery Mgmt., Inc.*, 285 F.R.D. 350, 365 (D. Md. 2012) (noting sanctions under Rule 37(a)(5)(A) are "mandatory" subject to certain exceptions); *Int'l Ass'n of Machinists & Aero. Workers v. Werner–Matsuda*, 390 F. Supp. 2d 479, 489 (D. Md. 2005) ("Monetary sanctions are mandatory under Rule 37(d) . . . unless the conduct was substantially justified."); *First Mariner Bank v. Resolution Law Grp., P.C.*, No. CIV. MJG-12-1133, 2014 WL 1652550, at *15 (D. Md. Apr. 22, 2014) (finding "an award of reasonable expenses including attorney's fees would seem mandatory" under Rule 37(d)(3)). Thus, Appellant's argument that attorney's fees should not have been awarded because there was no evidence of bad faith or intentional violation of the rules of discovery is "misplaced," as those are not requirements for application of the rule, and sanctions under the rule are "mandatory." *Turner v. Copart, Inc.*, No. CV 3:16-3312-JFA-PJG, 2017 WL 11504216, at *1 (D.S.C. July 27, 2017); *Kemp v. Harris*, 263 F.R.D. 293, 296 (D. Md. 2009) (rejecting party's argument that it acted in good faith and focusing only on whether the delay in providing responses was substantially justified); *Engeling v. Bashlin Indus., Inc.*, No. 4:17-CV-210-HLM,

2018 WL 8996380, at *5 (N.D. Ga. Sept. 20, 2018) ("[Party's] assertions of good faith therefore miss the mark, for good faith is not the standard of Rule 37.").[6]

Here, Appellant failed to timely provide the requested discovery responses, implicating Rule 37(d)(3),[7] and finally did so only after Appellee filed a motion for sanctions or, in the alternative, a motion to compel, implicating Rule 37(a)(5)(A). The Bankruptcy Court ultimately awarded sanctions on the basis of Rule 37(d)(3), ECF No. 1-2 at 2, although this Court notes that they were available under both rules.

Parties can only avoid these mandatory sanctions if certain exceptions are met: (i) if the movant did not attempt in good faith to obtain the disclosure or discovery without court action prior to filing the motion to compel or motion for sanctions; (ii) if the failure to provide the discovery was substantially justified; or (iii) if other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A); Fed. R. Civ. P. 37(d); *see also Lynn v. Monarch Recovery Mgmt., Inc.*, 285 F.R.D. 350, 365 (D. Md. 2012). The burden is on the party facing sanctions to overcome a presumption in favor of an award of expenses. *In re Barton Business Park Associates*, 118 B.R. 776, 780 (Bankr. E.D. Cal. 1990).

The Bankruptcy Court found that none of these exceptions applied. First, "Plaintiff, through counsel, wrote to Defendant, through her counsel, advised that responses were overdue,

---

[6] Therefore, the four-part test outlined in *Belk*, *269 F.3d 305*, and *Anderson*, 155 F.3d 500, appears not to apply. *Cf. S. States Rack And Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003) (holding that, "[w]hile the broad language" of these decisions suggests that a court must consider these four factors as part of any sanctions analysis under Rule 37," which include an inquiry into bad faith, the test at least does not apply to determinations under Rule 37(c)(1)). Moreover, in arguing that sanctions are inappropriate under that four-part test, Appellant appears to misapply the factors. For example, counter to Appellant's argument, the second factor, addressing the prejudice caused by the nonmovant, does not take into account the "inconvenience caused" to the movant, especially where the inconvenience asserted amounts only to the regular obligations of litigation. ECF No. 8 at 16–17 (describing the burden caused by "excessive and extremely cumbersome work involving litigating numerous objections to claims and exemptions, and putting extra time into meeting Defendant, an elderly stroke victim who is technologically impaired").

[7] The determination of whether the party has failed to respond is measured by the due date of the discovery in question. *See* Fed. R. Civ. P. 33(b)(2). Accordingly, a party that provides an untimely response has still violated Rule 37(d). *See Norris v. MK Holdings, Inc.*, 734 F. App'x 950, 957 (6th Cir. 2018).

8

and offered an additional eleven (11) days to January 6, 2020, for responses to be filed before Plaintiff would seek intervention from the Court." ECF No. 1-2 at 2; *see also* ECF No. 8-1 at 47–48, 67. The movant therefore attempted in good faith to resolve the dispute without bringing it before the court.

Second, the Bankruptcy Court found the delay was not "substantially justified." Generally, "a party meets the 'substantially justified' standard when there is a 'genuine dispute' or if 'reasonable people could differ' as to the appropriateness of the motion." *Peterson v. Hantman*, 227 F.R.D. 13, 16 (D.D.C. 2005) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)); *see also* Fed. R. Civ. P. 37(a)(4) advisory committee's notes to the 1970 amendments. "Courts have concluded that 'substantial justification' could include making meritorious objections to requested discovery, or even engaging in a legitimate dispute over the sequence of discovery." *Kemp v. Harris*, 263 F.R.D. 293, 296 (D. Md. 2009) (internal citations omitted). Here, Appellant argued only that the delay was caused by her own inadvertence, her fixation on a separate expert discovery issue, and the fact that it was a "chaotic moment." ECF No. 8-1 at 61, 90, 150. The Bankruptcy Court determined, "[i]n this case, the failure is not substantially justified. Being too busy to read emails that come on behalf of your client at such a critical juncture is not a justifiable excuse." *Id.* at 160.

Finally, the Bankruptcy Court did not find there were other factors that made the award of attorney's fees unjust. ECF No. 1-2 at 2. When, after the court had ruled at the hearing, the judge permitted Appellant to speak, she appeared to argue sanctions were unjust on the grounds that she is a proponent of access to justice and is representing the Debtor "basically for free" due to the Debtor's financial circumstances to ensure she receives representation. ECF No. 8-1 at 161–62. She expanded upon this argument in her Motion for Reconsideration, arguing,

9

"[u]ndersigned counsel is representing Defendant on what is tantamount to a pro bono representation, collecting only $100 per month," but "[d]espite counsel fulfilling her belief in public service by representing those with limited resources, the Court decided it was appropriate to have undersigned counsel dig into her own pocket to pay for Plaintiff's attorney's fees." *Id.* at 90. In her brief before this Court, Appellant further argued that she "has gone above and beyond to provide access to justice to Defendant. For some reason the bankruptcy court failed to take this into consideration . . . Appellant would be hard pressed to believe that any other attorney would be providing the level of assistance to Defendant for the de minimis compensation received." ECF No. 8 at 17.

Pro bono representation does not excuse discovery violations—when an attorney takes on a client, they assume a duty of zealous representation regardless of a client's ability to pay. *See Smith v. Arnone*, 700 F. App'x 55, 56 (2d Cir. 2017) (noting the court was "troubled by counsel's performance" where he submitted a late filing and cautioning that "those who undertake pro bono representation owe their clients the same duty of zealous advocacy that they owe to paying clients"); *see also Arrowhead Capital Fin., Ltd. v. Seven Arts Ent't, Inc.*, No. 14 CIV. 6512 (KPF), 2017 WL 1653568, at *4 (S.D.N.Y. May 2, 2017) (finding that even if counsel provided legal services without payment of fees, the attorney "retained the obligation to represent his clients competently" and expressing concern that the attorney "has cut corners on account of" the provision of services without payment). Moreover, Appellant's assertion that she has gone "above and beyond" for her client is inconsistent with her apparent failure to meet the bare minimum standards of representation: meeting deadlines, or, if unable to do so, requesting extensions. The Bankruptcy Court's decision is thus not a "serious deterrent of pro-bono advocacy," as Appellant argues, ECF No. 8 at 17; to the contrary, it emphasizes the importance

of an attorney's obligations to their clients and the provision of access to justice even if a client is represented pro bono.

On appeal, Appellant also points to a procedural defect with Appellee's motion for sanctions: there was no discovery conference or attempt to hold one pursuant to Local Bankruptcy Rule 7026-1. However, Appellant did not raise this issue below—in the motion opposing sanctions, at the hearing, or in the motion for reconsideration—so the Court finds it waived. *See Muth v. United States*, 1 F.3d 246, 250 (4th Cir. 1993) ("As this court has repeatedly held, issues raised for the first time on appeal generally will not be considered."); *cf. Crouch v. City of Hyattsville, Maryland*, No. CV DKC 09-2544, 2011 WL 13223820, at *4 (D. Md. Aug. 15, 2011) (waiving a similar procedural defect in a motion to compel).

Having reviewed the record and hearing transcript, the court finds the Bankruptcy Court did not rely on clearly erroneous findings of fact, rely upon erroneous legal standards, or otherwise abuse its discretion in finding that Rule 37(d)(3) sanctions were appropriate and that none of the exceptions was met. Appellee made good faith efforts to resolve the issue out of court, Appellant's conduct was not substantially justified, and Appellant did not raise issues that making the award of sanctions unjust.

### B. Order Denying Motion for Reconsideration

A motion to reconsider is governed by Rule 59(e) of the Federal Rules of Civil Procedure, made applicable by Rule 9023 of the Federal Rules of Bankruptcy Procedure. There are three recognized grounds for amending an earlier judgment under Rule 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not previously available; or (3) to correct a clear error of law or prevent a manifest injustice. *See Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993); *In re Morris*, 365 B.R. 613, 617

(Bankr. E.D. Va. 2007) (citing *EEOC v. Lockheed Martin Corp.*, 116 F.3d 110, 112 (4th Cir. 1997)). In general, reconsideration of a judgment is "an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (quoting 11 Wright et al., Federal Practice and Procedure § 2810.1, at 124 (2d ed. 1995)). "A motion for reconsideration is addressed to the discretion of the bankruptcy court." *In re Mitrano*, 409 B.R. 812, 820 (E.D. Va. 2009). Accordingly, a district court reviews a bankruptcy court's order on a Rule 59 motion for abuse of discretion, unless the order is a ruling on a pure question of law, in which case the court should review the order denying reconsideration de novo.[8] *See id.* (citing *Lockheed Martin*, 116 F.3d at 112); *see also In re Keeler*, 273 B.R. 416, 419 (D. Md. 2002).

Appellant's Motion for Reconsideration did not rely on any change in law or new evidence that was previously unavailable—none of the cases cited was newly decided, and Appellant did not cite facts that were unknown at the time of the initial briefing and hearing. *See* ECF No. 8-1 at 89–92. As stated above, this Court finds no error of law in the Bankruptcy Court's decision awarding sanctions. The sole issue, therefore, is whether the judgment must nevertheless be amended to prevent manifest injustice. Appellant argues that vacating the sanctions award is necessary to prevent manifest injustice because she lacked notice that the Bankruptcy Court would impose sanctions against her and therefore was unable to prepare arguments against them—namely, that she cannot pay the sanctions due to her financial circumstances. ECF No. 8 at 20–22.

---

[8] Parties may also seek relief from a court order under Fed. R. Civ. P. 60, made applicable here by Fed. R. Bankr. P. 9024. It is not clear whether the motion for reconsideration was granted under Rule 59 or Rule 60, but regardless of the basis for granting the motion, the Bankruptcy Court's decision is reviewed for abuse of discretion. *Cf. EEOC v. Lockheed Martin Corp.,* 116 F.3d at 112, *with Werner v. Carbo*, 731 F.2d 204, 206 (4th Cir. 1984) ("The disposition of motions under Rule 60(b) is ordinarily a matter within the discretion of the District Court which will not be disturbed on appeal absent a showing of abuse of that discretion.").

First, the Court notes that the Bankruptcy Court awarded sanctions under Rule 37(d)(3), which, unlike Rule 37(a)(5)(A), does not require the court to provide the sanctioned party an "opportunity to be heard." Still, even if the statute does not outline a specific procedural requirement that the sanctioned party have notice and an opportunity to be heard, "[a]n award of attorney's fees under Rule 37 implicates interests protected by the Due Process Clause of the Fifth Amendment." *Devaney v. Cont'l Am. Ins. Co.*, 989 F.2d 1154, 1159 (11th Cir. 1993); *see also Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 767 (1980) ("Like other sanctions, attorney's fees certainly should not be assessed lightly or without fair notice and an opportunity for a hearing on the record."); *Martin v. Brown*, 63 F.3d 1252, 1262 (3d Cir. 1995) ("The Due Process Clause of the Fifth Amendment requires a federal court to provide notice and an opportunity to be heard before sanctions are imposed on a litigant or attorney.").[9] The amount of notice required will depend on the circumstances and sanctions imposed. *See, e.g.*, *Rogal v. Am. Broad. Companies, Inc.*, 74 F.3d 40, 44 (3d Cir. 1996); *In re Glasco*, 321 B.R. 695, 699 (W.D.N.C. 2005). An award of attorney's fees is "one of the lesser sanctions contemplated by the Federal Rules, and it presents a lesser due process concern than, for example, outright dismissal of an action." *Devaney*, 989 F.2d at 1159 (internal citations omitted).

Having reviewed the record, the Court finds Appellant received adequate notice in this case. Appellee requested sanctions under Rule 37(a)(5)(A) and Rule 37(d)(3), both of which allow for sanctions to be awarded against the attorney as well as the party. Appellee's briefing focused on sanctions against the Debtor, as did the parties' arguments at the hearing, but this

---

[9] *But cf. Carlucci v. Piper Aircraft Corp.*, 775 F.2d 1440, 1450 (11th Cir. 1985) ("It is neither necessary nor appropriate for an inferior federal court to engraft upon Rule 37 a procedural mechanism more demanding than that which the Supreme Court has deemed adequate to both guarantee due process and vindicate the policy underlying that rule."); *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 787 (9th Cir. 2011) (affirming default sanctions imposed without notice since "the plain language of Rule 37(b) contains no requirement mandating a noticed motion or opportunity to be heard before sanctions—including default—may be imposed").

13

does not defeat notice. Instead, "a motion for sanctions under Rule 37, even one which names only a party, places both that party and its attorney on notice that the court may assess sanctions against either or both unless they provide the court with a substantial justification for their conduct." *Devaney v. Cont'l Am. Ins. Co.*, 989 F.2d 1154, 1160 (11th Cir. 1993). "A court is not limited by the moving party's request to impose sanctions on the other party rather than that party's attorney." *Macias v. Monterrey Concrete LLC*, No. 3:19CV830, 2020 WL 6386863, at *3 (E.D. Va. Oct. 30, 2020). Despite knowing that sanctions had been requested under Rules 37(a)(5)(A) and 37(d)(3), Appellant requested at the hearing that the Bankruptcy Court "not grant any sanctions against the debtor" and stated, "Ms. Barsir had nothing to do with it. It was me, honest. It was me." ECF No. 8-1 at 151–52. Moreover, Appellant was given the opportunity after the Bankruptcy Court announced its ruling to speak, at which point she was certainly on notice that sanctions would be issued against her. *Id.* at 161–62. Although she addressed her commitment to access to justice and her provision of legal services to the Debtor for $700, she did not raise any other arguments that awarding sanctions would be unjust. *Id.* Because Appellant was on notice that the Bankruptcy Court was considering sanctions under Rule 37(a)(5)(A) and Rule 37(d)(3), argued at the hearing that any fault was hers, rather than the Debtor's, and had the opportunity to address the Bankruptcy Court after it announced sanctions would be awarded against her, the Court finds there was adequate notice and opportunity to be heard in this case.

Therefore, Appellant's arguments concerning her financial situation, which were not raised in the initial sanctions briefing or at the hearing, cannot be raised here. Although "a monetary sanction imposed without any consideration of ability to pay would constitute an abuse of discretion," "the burden is upon the parties being sanctioned to come forward with evidence of

their financial status." *In re Kunstler*, 914 F.2d 505, 524 (4th Cir. 1990); *see also Poole ex rel. Elliott v. Textron, Inc.,* 192 F.R.D. 494, 508 (D. Md. 2000) (applying the standards outlined in *Kunstler* to the Rule 37 context); *Gordon v. New England*, 168 F.R.D. 178, 180 (D. Md. 1996) (same). Despite being on notice of the possibility that sanctions would be issued against her, Appellant failed to raise the inability to pay as a defense, waiving that argument.

In sum, when a party seeks reconsideration on the basis of manifest injustice, the prior decision must be "dead wrong." *See TFWS. Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2009); *Von Kahle v. Roemmele*, 466 B.R. 706, 712 (Bankr. E.D. Pa. 2012) ("In order for a court to reconsider a decision due to 'manifest injustice,' the record presented must be 'so patently unfair and tainted that the error is manifestly clear to all who view it.'"). Here, the unfairness identified by Appellant does not meet this high standard. Therefore, the Bankruptcy Court did not abuse its discretion in denying Appellant's motion for reconsideration.

## IV. CONCLUSION

The Bankruptcy Court's orders granting sanctions against Appellant and denying Appellant's motion for reconsideration are affirmed. A separate Order follows.

Dated: <u>January 28, 2021</u>                                             /s/
                                                                          GEORGE J. HAZEL
                                                                          United States District Judge